IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TERENCE LOCKETT,**

    Petitioner,

v.                                                          Civil Action No. **3:16CV435**

**HAROLD W. CLARK,** *et al.,*

    Respondents.

## MEMORANDUM OPINION

Terence Lockett, a Virginia state prisoner proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§2254 Petition," ECF No. 7) challenging the calculation of his sentence by the Virginia Department of Corrections ("VDOC"). On July 19, 2017, the Magistrate Judge issued a Report and Recommendation wherein he recommended denying Lockett's § 2254 Petition as both barred by the statute of limitations and as meritless. (ECF No. 23.) Lockett has filed objections. (ECF No. 24.) For the reasons that follow, Lockett's objections will be OVERRULED, the Report and Recommendation will be ACCEPTED and ADOPTED, and the action will be DISMISSED.

### I.    THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation:

#### A.    Procedural History and Lockett's Claims

    On August 6, 2013, the Circuit Court for the City of Lynchburg, Virginia sentenced Lockett to thirty days of incarceration for an assault and battery on a family member. (Mem. Supp. Mot. Dismiss Ex. 1 ("Oliver Aff.") ¶ 5, ECF No. 18–1.)
    On August 16, 2013, the Circuit Court for the County of Prince Edward, Virginia ("Circuit Court") "revoked a sentence previously suspended on October 6, 2010, for Possession of a Schedule II Narcotic (Case Number CR10000254–01). The Court sentenced Lockett to 8 years and 6 months with 8 years suspended

for a net sentence of 6 months." (*Id.* ¶ 6.) The Circuit Court also "revoked a sentence previously suspended on November 13, 2006, for Driving Without a License (Case Number CR07000977-02). The Court sentenced Lockett to 12 months." (*Id.* ¶ 7.)

On May 2, 2014, Lockett appeared before the Circuit Court and entered an *Alford*[1] plea to charges of attempted robbery, use of a firearm in the commission of a felony, possession of a firearm by a convicted felon, statutory burglary, conspiracy to commit statutory burglary, and conspiracy to commit robbery. (*Id.* Encl. B, at 1-2.) The Circuit Court sentenced Lockett to a total of 68 years of incarceration, with 59 years suspended. (*Id.* at 2.) The Circuit Court specifically noted: "The total active period of incarceration is nine (9) years of which five (5) years is a mandatory minimum sentence." (*Id.* (emphasis omitted).) The Circuit Court also directed that Lockett "receive credit for time served from his arrest on April 21, 2013. That time shall run concurrent with the time he was serving for the following probation violations: CR07000928-02, CR07000930-02, CR07000977-02, and CR10000254-01." (*Id.* at 3 (emphasis omitted).)

"Lockett became a state responsible offender on July 3, 2014." (Oliver Aff. ¶ 9.) Per the Circuit Court's order, "jail credit was ordered to run concurrently with the probation violation sentences . . . , as well as run concurrently with [Lockett's] new 9 year sentence." (*Id.* ¶ 10.) Because the Virginia Department of Corrections ("VDOC") generally does not "run jail time concurrently with other sentences, [the Court & Legal Services Section] contacted the Prince Edward Circuit Court for clarity on the interpretation of its June 9, 2014 order." (*Id.* ¶ 11.) The Circuit Court advised the Court & Legal Services Section to contact the Commonwealth's Attorney's office "because the language in the order was taken from a plea agreement drafted by the CA's office." (*Id.*) The Commonwealth's Attorney's office "informed [the VDOC] that the plea agreement did not intend for any time to run concurrently. Rather, the office simply intended for Lockett to receive additional jail credit, which he would have received in any case towards the probation violations pursuant to Virginia Code § 53.1-187." (*Id.* (spacing corrected).)

Subsequently, the Court & Legal Services Section "applied jail credit for the time period of April 21, 2013, through June 9, 2014 (when the Court's order was entered) towards Lockett's 9 year sentence and towards his 18 month probation violation sentence." (*Id.* ¶ 12.) Lockett's anticipated good time release date is August 3, 2021. (*Id.* ¶ 13; *see id.* Encl. C, at 1.)

On February 20, 2015, Lockett filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Lockett v. Clarke*, No. 150304, (Va. filed Feb. 20, 2015). In his petition, Lockett alleged that the VDOC had incorrectly calculated his sentence because his 9-year sentence was supposed to run concurrently, not consecutively, with his 18-month sentence, and that VDOC's failure to correctly calculate his sentence violated Lockett's plea agreement. *Id.* at 3-4. On July 27, 2015, the Supreme Court of Virginia dismissed Lockett's petition. *Lockett v. Clarke*, No. 150304, at 1 (Va. July 27, 2015).

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

On June 14, 2016, Lockett filed his initial § 2254 Petition in the Western District of Virginia.[2] (ECF No. 1, at 20.)[3] By Order entered on June 22, 2016, the Western District of Virginia transferred Lockett's initial § 2254 Petition to this Court. (ECF No. 3, at 1.) By Memorandum Order entered on July 26, 2016, the Court directed Lockett to complete and return the standardized form for filing a § 2254 Petition. (ECF No. 5, at 1.) The Court received Lockett's § 2254 Petition on August 12, 2016. (§ 2254 Pet. 1.) In his § 2254 Petition, Lockett asserts the following claims for relief:

Claim One  "Violations of the Constitution of the United States of America including the 1st, 5th, 6th, 8th, and 14th Amendments, and Sections 1, 3, 8, 9, 11, 14, 15 of the Constitution of the Commonwealth of Virginia." (*Id.* at 5.)

Claim Two  "Violations of the Constitution of the United States of America including the 1st, 5th, 6th, 8th, and 14th Amendments, and Sections 1, 3, 8, 9, 11, 14, 15 of the Constitution of the Commonwealth of Virginia." (*Id.* at 13.)

Claim Three  "Violations of the Constitution of the United States of America including the 1st, 5th, 6th, 8th, and 14th Amendments, and Sections 1, 3, 8, 9, 11, 14, 15 of the Constitution of the Commonwealth of Virginia." (*Id.* at 15.)

Claim Four  "Violations of the Constitution of the United States of America including the 1st, 5th, 6th, 8th, and 14th Amendments, and Sections 1, 3, 8, 9, 11, 14, 15 of the Constitution of the Commonwealth of Virginia." (*Id.* at 19.)

Although Lockett asserts four separate claims for relief, overall, his § 2254 Petition alleges a single basis for relief—that Lockett's sentences imposed by the Circuit Court should run concurrently, not consecutively, and that the VDOC's failure to calculate his sentences concurrently violates Lockett's plea agreement.

Respondents have moved to dismiss on the grounds that Lockett's § 2254 Petition is barred by the statute of limitations and that Lockett's claims lack merit.

---

[2] This is the date that Lockett states he placed his initial § 2254 Petition in the prison mailing system for mailing to the Western District of Virginia. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court utilizes the pagination assigned to Lockett's submissions by the CM/ECF docketing system. The Court corrects the punctuation in quotations from Lockett's submissions.

(Mem. Supp. Mot. Dismiss 4–8, ECF No. 18.) Lockett has filed a Response. (ECF No. 20.) For the following reasons, it is RECOMMENDED that Lockett's claims be DENIED as untimely and lacking in merit.[4]

## B. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

---

[4] Respondents argue that Lockett's § 2254 Petition is time-barred because it was filed "four days past the expiration of the one-year statute of limitations." (Mem. Supp. Mot. Dismiss 5.) Because Lockett challenges the execution of his sentence rather than the judgment of conviction, § 2244(d)(1)(D) controls the date on which the limitation period commences. *See Childs v. Johnson*, 3:09cv793, 2010 WL 5186757, at *3 (E.D. Va. Dec. 10, 2010) (quoting *Wade v. Robinson*, 327 F.3d 328, 332–33 (4th Cir. 2003)). "[T]he relevant factual predicate for [Lockett's] claim[s] is [the] VDOC's calculation of his sentence." *Id.* (citing *Wade*, 327 F.3d at 333). The limitations period therefore began running on the date Lockett could have discovered, through the exercise of due diligence, the allegedly illegal calculation of his sentence by the VDOC. The record reflects that the factual predicate of Lockett's claim was known to him as of January 5, 2015, when Lockett wrote a letter to the Circuit Court asserting that his sentences should be run concurrently. (ECF No. 1, at 21.) Forty-five (45) days of the limitation period elapsed before Lockett filed his state habeas petition on February 20, 2015. The limitation period was then tolled until July 27, 2015, when the Supreme Court of Virginia dismissed Lockett's state petition. The limitation period then ran for 322 days until Lockett filed his initial § 2254 Petition on June 14, 2016. A total of 367 days elapsed before Lockett filed his initial § 2254 Petition. Thus, Lockett's § 2254 Petition was untimely filed by two days, and neither Lockett nor the record suggest any basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B) or (C), or for equitable tolling. Accordingly, the statute of limitations bars Lockett's claims. Nevertheless, because Lockett alleges that the VDOC has incorrectly calculated his sentence, resulting in a longer period of incarceration than he should serve, the Court also addresses the merits of Lockett's claims.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## C.  Analysis

As his sole basis for relief, Lockett contends that the VDOC has incorrectly calculated his sentence, arguing that the 9-year and 18-month sentences imposed by the Circuit Court are supposed to run concurrently, not consecutively. (§ 2254 Pet. 5–20.) Lockett believes that the VDOC has misinterpreted his plea agreement and has violated that agreement by refusing to run his sentences concurrently. (*Id.* at 14–20.) With respect to Lockett's argument, the Supreme Court of Virginia stated:

> Petitioner contends the Department of Corrections has miscalculated his sentence, in violation of the plea agreement and the sentencing order. Petitioner alleges the plea agreement and the sentencing order stated that his nine year active sentence was to be run concurrently with a sentence of eighteen months he received for parole violations. Petitioner contends the Department of Corrections' refusal to run his sentences concurrently is forcing him to fully serve both sentences.
> The Court holds that this claim is without merit. The record, including the plea agreement and the sentencing order, demonstrates petitioner was to receive jail credit for the time he had served since his arrest and only "[t]hat time" was to run concurrently with the sentence he was serving for his parole violations. Additionally, the record, including the affidavit from Wendy K. Brown, Manager for the Court and Legal Services Section for the Department of Corrections, and an April 7, 2015 summary audit, demonstrates that the jail credit has been applied to both of petitioner's sentences pursuant to the sentencing order and that petitioner's sentences have been accurately calculated.

*Lockett v. Clarke*, No. 150304, at 1–2 (Va. July 27, 2015). The Court discerns no unreasonable application of the law and no unreasonable determination of the

5

facts in the Supreme Court of Virginia's rejection of Lockett's claims. *See* 28 U.S.C. § 2254(d)(1)–(2).

Section 19.2–308 of the Virginia Code provides that "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Va. Code Ann. § 19.2–308 (West 2017). Here, the Circuit Court's judgment did not expressly order that Lockett's entire 9-year sentence be run concurrently with his probation violation sentences. Instead, the Circuit Court stated: "Further, the defendant shall receive credit for time served from his arrest on April 21, 2013. That time shall run concurrent with the time he was serving for the following probation violations: CR07000928-02, CR07000930-02, CR07000977-02, and CR10000254-01." (Oliver Aff. Encl. B, at 3 (emphasis omitted).) Thus, the Circuit Court ordered only that Lockett receive sentence credit for time served toward both his 9-year sentence and probation violation sentences, not that his sentences be run concurrently. Based upon this, the VDOC applied credit towards Lockett's active sentences. (Oliver Aff. ¶ 12.; *see id.* Encl. C.)

Lockett fails to demonstrate that the VDOC has inaccurately calculated his sentences in accordance with Virginia law and the Circuit Court's judgment order. Lockett fails to explain, and the Court fails to discern, how the VDOC's execution of his sentence violates any of his constitutional rights. *See Wills v. Braxton*, No. 7:05CV00679, 2006 WL 126065, at *1 (W.D. Va. Jan. 17, 2006) (rejecting petitioner's claim that the VDOC erred by executing his sentences consecutively rather than concurrently). Accordingly, it is RECOMMENDED that Lockett's claims be DENIED for lack of merit.

### D. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondents' Motion to Dismiss (ECF No. 17), DENY Lockett's claims, and DISMISS Lockett's § 2254 Petition (ECF No. 7) and this action.

(Report and Recommendation 1–7 (alterations in original).)

## II.  STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to

focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. LOCKETT'S OBJECTIONS

As an initial matter, Lockett did comply with the directive set forth in the Report and Recommendation that his objections be in the form of a numbered list. Lockett sets forth ten separate paragraphs in his objections. (Objs. 1–2.)[5] Paragraphs 3 through 7, however, do not include true objections to the Magistrate Judge's Report and Recommendation. Moreover, paragraphs 1 and 2 concern the Magistrate Judge's conclusion that Lockett's § 2254 Petition was untimely filed, and paragraphs 8 through 10 concern the conclusion that the VDOC did not err in calculating Lockett's sentence. Accordingly, the Court construes Lockett to raise two objections.

Lockett's first objection is that he "filed all the proper paperwork accordingly and on time." (Objs. 1.) Lockett states that he "ha[s] no control over the U.S. mail system once [he has] dropped it in the institutional mail and weekends should not be counted against [him], as well as holidays." (*Id.*) Lockett contends that he used his "time frame" correctly because he first sent his § 2254 Petition to the Western District of Virginia, which electronically transferred it to this Court. (*Id.*)

The Magistrate Judge concluded that the one-year limitation period began running on January 5, 2015, when Lockett wrote a letter to the Circuit Court for the County of Prince Edward, Virginia ("Circuit Court"), asserting that his sentences should run concurrently. (Report and Recommendation 4 n.4.) A total of 367 days passed before Lockett placed his § 2254

---

[5] The Court utilizes the pagination assigned to Lockett's objections by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Lockett's objections.

7

Petition in the prison mailing system on June 14, 2017. (*Id.*) Contrary to Lockett's belief, weekends and holidays are not excluded from the calculation of the limitation period. *See* Fed. R. Civ. P. 6(a)(1)(B). The Magistrate Judge properly concluded that Lockett's § 2254 Petition was untimely filed by two days. Accordingly, Lockett's first objection will be OVERRULED.

As his second objection, Lockett reiterates his belief that the Circuit Court ordered that his nine-year sentence be run concurrently with his probation violation sentences. (Objs. 2.) Lockett contends that his total sentence should only be nine years and that "[i]f [his] time is not corrected, then the plea agreement is . . . void and [his] rights ha[ve] been violated." (*Id.*)

The Virginia Code "provides that '[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court.'" (Report and Recommendation 6 (alteration in original) (quoting Va. Code. Ann. § 19.2–308 (West 2017).) As the Magistrate Judge correctly noted, the record reflects that the Circuit Court did not order that Lockett's entire nine-year sentence be run concurrently with the sentences imposed for his probation violations. Rather, the Circuit Court only ordered that Lockett receive credit for time served toward both his nine-year sentence and his probation violation sentences. Lockett again fails to explain, and the Court fails to discern, how the VDOC's execution of his sentence violates any of his constitutional rights and how the VDOC inaccurately calculated his sentences. Accordingly, Lockett's second objection will be OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, Lockett's objections will be OVERRULED. The Report and Recommendation (ECF No. 23) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 17) will be GRANTED. Lockett's § 2254 Petition (ECF No. 7) will be DENIED.

Lockett's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Order will accompany this Memorandum Opinion.

Date: 9/14/17
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Lockett fails to meet this standard. Accordingly, the Court will DENY a certificate of appealability.